Exparte      Cause NO C-297-010490-1339638-A
WR-40,882-03    40,882-03

Harry Jerome Haliburton    *    IN The 297th

      Petitioner     *     Judicial District

    VS           *    Court of Tarrant

The State of Texas    * RECEIVED IN Ny Texas

     Repondent

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 21 2015
Abel Acosta, Clerk

"Petitioner's Objection to the States Response To Application for Writ of Habeas Corpus And Objection to Propoed Memorandum Finding of Fact And Conclusions of Law and Petitioners Request for Mandatory Judicial Notice Per Texas Rules of Evidence 105(A)(1)&(2) and 201(D) and (E)."

To The Honorable Judge of said Court:

Comes Now Harry Jerome Haliburton, IN Propria PersonA Sui Juris presenting this His Objection to The State's Response to His Application for Writ of HAbeAS Corpus And for Good cause in support of the Same would show the Court the Following:

I.

Reason for the Objection

1) Petitioner Asserts that the foregoing Objection is made pursuant to Tex Rules of evidence Rule 103 (A)(1)(2) For the Purpose of Expansion of the Record and to "Make" An "offer of Proof" in Support of His claims to wit; This Petitioner has raised Controverted. Previously Unresolved Facts that need to be resolved and the forum for doing so is within A "Live Evidentiary Hearing" for the Purpose of "Cross-Examination of witnesses/Parties involved to Arrive at the "Ultimate Truth" Instead of Affidavits.

2) There is & was Material "And "Fatal variance" and "Insufficient Stipulation of Evidence" used in this cause to support the Judgement of conviction when there is "<u>No Evidence</u>" other than Allegation that Petitioner stole any item as Alleged in the Indictment and the record supports a reversial of this cause for Lack of any Robbery.

3) The Conviction in this cause Hinges and is the Product of Materially false and Perjured Evidence and Testimony introduced in the record. Ranging from "Fabricated Account" of "Blood-splattered everywhere" Unsupported by any Evidence Photo's of the crime scene to the Lack of Theft of Items Alleged in the Indictment. Yet clearly seen

2 of 6

Remaining on the Grounds of the Location Claimed to have been Robbed. Are the items Claimed to have been Stolen/Robbed of.

4) Petitioner was the victim of "Constructive Fraud", "Impermissible misapplication of Statute" and "Fraud by Scienter" and "Non Disclosure". As a matter of due Process, an Offender may not be Sentenced on the Basis of mistaken facts (or) Unfounded Presumptions citing; Townsend V. Burke, 334 U.S. 736; 740, 741 (1948)

"An Unconstitutional Act is Not Law; It Confers No Rights; It imposes no Duties; Affords no Protection; It Creates no office; it is in Legal Contemplation, As inoperative as though it had never been passed" Citing; Norton V. Shelby County, 118 U.S. 425 @ pg 442.

In this cause Petitioner Asks and Requests this Court to take Mandatory Judicial Notice of the "Undisputed facts" that the very items shown in the 11-34745 Fort Worth Police Department Exhibit B page 9 Are not items Recovered After the fact But Are Factual Pictures of the Alleged Crime Scene and the Steel Grate and sawhorse are still present on the premise upon which is Alleged to have been taken, thus demonstrating a "False Report". Further 11-34745 of the Forth worth Police Department page "6 ↔ 7" of Exhibit B clearly does

Not Reveal the supporting Proof of Blood splattered everywhere and only show a Minor scrap that could have been established by way of any number of ways and not the results of an Assault as Alleged which the Alleged Victim does not show any "Dishelvement (or) Bodily injuries to the "Face" (OR) "Head" or "Arms" which would be a "Normal Occurrance" since it was reported (Although Falsely) that there was some physical engagement that yielded No Reasonable upper Bodily Contact these Factors Alone Are extremely exculpatory and support the "Actual Innocence" of the Petitioner warranting a further review supporting Ineffective Assistance of Counsel and Prosecutorial Misconduct.

5.) Counsel was clearly ineffective by conceding the guilt of the Defendant by failing to object to the introduction of false facts used to uphold the improper charge of Aggravated Robbery causing serious Bodily injury to an Elderly. The facts as herein presented support the necessity of a further factual Hearing for purpose of expansion of the record and this Petitioner Prays that this Court Grant Him the forum to develop His claims that He is the Victim of a Miscarriage of Justice and Victim of Denial of Fundamental Fairness and for these Reasons Petitioner Seeks Relief.

## II Prayer for Relief

Wherefore Premises Considered Petitioner Prays that this Court Deny the Relief Requested by the Respondent and that He be allowed a forum to extdand the Record. And that the Court designate issues to be resolved as He has plead and proved facts that warrant the same citing Ex parte Campos 613 S.W. 2D 745, 746 (CRim App. 1981)

And that this cause be remanded back to the Trial Court for further Review or at the very least Grant Petitioner an "Out of time Appeal" citing: Ex parte Axel, 757 S.W. 2D 369, 374 (Crim. App. 1988) and Austell v. State, 638 S.w. 2D 888, 890 (Crim. App. 1982).

## III
## Affidavit

I certify that the foregoing is True and Correct to the best of my knowledge, information and Belief.

## IV
## Certificate of Service

I, Harry Jerome Haliburton, certify that foregoing objection and mandatory Judicial Notice was forwarded to the Clerk of the Court addressed.

District Clerk of Tarrant County Thomas A. Wilder postage prepaid on this the 14 Day of July 2015